**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JAKARRA ELLIS** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 4:26-cv-103-GHD-JMV**

**DOLLAR GENERAL CORPORATION, AND**
**JOHN DOES 1-10** **DEFENDANTS**

**ORDER GRANTING SUBSTITUTION OF PARTY**

This matter is before the Court on Defendant Dollar General Corporation's Unopposed Motion to Substitute Party [Doc. 12]. Defendant seeks to substitute Dolgencorp, LLC, as the proper party defendant for Dollar General Corporation in this action. Since this action is before the Court based on diversity jurisdiction, the Court evaluates the citizenship of the substituted party.

Defendant failed to properly plead Dolgencorp, LLC's citizenship in its Motion to Substitute Party. For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Defendant alleges that "Dolgencorp, LLC, is a wholly owned subsidiary of Dollar General Corporation, a publicly traded company and citizen of Tennessee. Dolgencorp, LLC, is a single member LLC and a citizen of Kentucky." [Doc. 12]. Such allegations are insufficient to satisfy Defendant's burden of "distinctively and affirmatively" alleging the citizenship of each party. *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). Defendant should have "distinctively and affirmatively" pled Dollar General Corporation's state of incorporation and principal place of business. Further, no explanation is offered as to why Dolgencorp, LLC, could be a citizen of Kentucky. On its own, Defendant's Motion to Substitute Party does not contain

sufficient allegations to satisfy the Court that subject matter jurisdiction would exist after substituting the parties.

However, courts look to the record for "allegations or evidence of diversity of the parties." *Howery*, 243 F.3d at 921; *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017); *Jackson v. Dolgencorp, LLC*, No. 3:19-cv-173-HSO-JCG, 2020 U.S. Dist. LEXIS 264937, *7 (S.D. Miss. Feb. 6, 2020). In its Notice of Removal, Dollar General Corporation alleges, "Dolgencorp, LLC, moreover, is a limited-liability company organized under Kentucky law. Dollar General Corporation is its sole member." [Doc. 1]. Once again, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey*, 542 F.3d at 1079-80. Therefore, Dolgencorp, LLC's citizenship is based on that of its sole member, Dollar General Corporation. "A corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); 28 U.S.C. § 1332(c)(1)). In its Notice of Removal, Dollar General Corporation alleges, "Dollar General Corporation is a Tennessee corporation with its principal place of business in Tennessee." Therefore, both Dollar General Corporation and Dolgencorp, LLC, are citizens of Tennessee.

Since the record establishes that Dolgencorp, LLC, and Plaintiff Jakarra Ellis, a Mississippi citizen [Doc. 1], have complete diversity of citizenship, the Court is satisfied that the substitution of parties will not destroy subject matter jurisdiction. Having considered these facts as well as the unopposed nature of the Motion, the Court finds that it is well taken and should be granted.

**THEREFORE, IT IS ORDERED** that Defendant Dollar General Corporation's Motion to Substitute Party [Doc. 12] is hereby **GRANTED**; Dolgencorp, LLC is **SUBSTITUTED** for

Dollar General Corporation as the proper party defendant. **The Clerk is hereby notified of the substitution and is directed to update the docket to reflect the same.**

**SO ORDERED**, this, the 15th day of September, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**